Magistrate Judge Brian A. Tsuchida

FILED ____ ENTERED
____ LODGED ____ RECEIVED

MAR 24 2025

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. MJ25-157 |
| Plaintiff | |
| v. | MOTION FOR DETENTION |
| BRADLEY WHALEY, | |
| Defendant. | |

The United States moves for pretrial detention of the Defendant, pursuant to 18 U.S.C. 3142(e) and (f)

1.  **Eligibility of Case.** This case is eligible for a detention order because this case involves (check all that apply):

    ☒ Crime of violence (18 U.S.C. 3156); *see United States v. Kane*, 2020 WL 1660058 (W.D. Wash 2020) (unpublished) (holding 18 U.S.C. § 875(c) is a 'crime of violence' within the meaning of 18 U.S.C. § 3156(a)(4)(A)) and *United States v. Santoro*, 359 F. Supp.3d 122 (D. Me. 2019) (same).

    ☐ Crime of Terrorism (18 U.S.C. 2332b (g)(5)(B)) with a maximum sentence of ten years or more.

    ☐ Crime with a maximum sentence of life imprisonment or death.

1      ☐      Drug offense with a maximum sentence of ten years or more.

☐      Felony offense and defendant has two prior convictions in the four categories above, or two State convictions that would otherwise fall within these four categories if federal jurisdiction had existed.

☐      Felony offense involving a minor victim other than a crime of violence.

☐      Felony offense, other than a crime of violence, involving possession or use of a firearm, destructive device (as those terms are defined in 18 U.S.C. 921), or any other dangerous weapon.

☐      Felony offense other than a crime of violence that involves a failure to register as a Sex Offender (18 U.S.C. 2250).

☒      Serious risk the defendant will flee.

☒      Serious risk of obstruction of justice, including intimidation of a prospective witness or juror.

2. **Reason for Detention.** The Court should detain defendant because there are no conditions of release which will reasonably assure (check one or both):

☒      Defendant's appearance as required.

☒      Safety of any other person and the community.

3. **Rebuttable Presumption.** The United States will invoke the rebuttable presumption against defendant under 3142(e). The presumption applies because:

☐      Probable cause to believe defendant committed offense within five years of release following conviction for a qualifying offense committed while on pretrial release.

☐      Probable cause to believe defendant committed drug offense with a maximum sentence of ten years or more.

1     ☐    Probable cause to believe defendant committed a violation of one of the following offenses: 18 U.S.C. 924(c), 956 (conspiracy to murder or kidnap), 2332b (act of terrorism), 2332b(g)(5)(B) (crime of terrorism).

    ☐    Probable cause to believe defendant committed an offense involving a victim under the age of 18 under 18 U.S.C. 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1) through 2252(a)(3), 2252A(a)(1) through 2252A(a)(4), 2260, 2421, 2422, 2423 or 2425.

4. **Time for Detention Hearing.** The United States requests the Court conduct the detention hearing:

    ☒    At the initial appearance

    ☐    After a continuance of 3 days (not more than 3)

DATED this 24th day of March, 2025.

Respectfully submitted,

TEAL LUTHY MILLER
Acting United States Attorney

 s/ Michelle Jensen
MICHELLE JENSEN
Assistant United States Attorney